# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1337V
### Filed: April 11, 2018
UNPUBLISHED

| | |
|---|---|
| MARGUERITE ACKER,<br><br>                      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Althea Walker Davis, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On October 13, 2016, Marguerite Acker ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered shoulder injuries from an influenza ("flu") vaccination administered on October 16, 2015. Petition at preamble. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On May 12, 2017, a ruling on entitlement was issued, finding petitioner entitled to compensation for her shoulder injuries. On April 11, 2018, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $100,000.00, which represents all elements of compensation to which petitioner would be entitled under § 15(a); funds to satisfy in full the State of Michigan Medicaid lien in the amount of $182.31, and funds to satisfy in full the Molina Healthcare of MI Medicaid lien in the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

amount of $3,925.46. Proffer at 1-2. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards the following compensation:**

1. **A lump sum payment of $100,000.00 in the form of a check payable to petitioner, Marguerite Acker.** This amount accounts for all elements of compensation under § 15(a) to which petitioner would be entitled; and

2. **A lump sum payment of $182.31**, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and to:

   Michigan Department of Health and Human Services
   P.O. Box 30435
   Lansing, MI 48909-7979
   Attn: 3rd Party Liability Division
   Member: Marguerite Acker
   Medicaid ID#:  0021504523

   Petitioner agrees to endorse this payment to the Michigan Department of Health and Human Services; and

3. **A lump sum payment of $3,925.46**, representing compensation for satisfaction of the Molina Healthcare of MI Medicaid lien, payable jointly to petitioner and to:

   Equian, LLC
   P.O. Box 771932
   Detroit, MI  48277-1932
   Member:  Marguerite Acker
   Equian File No.:  822569-113017

   Petitioner agrees to endorse this payment to Equian, LLC.

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

MARGUERITE ACKER, )
           )
           Petitioner, )     No. 16-1337V
           )     Chief Special Master
     v. )     Nora Beth Dorsey
           )     ECF
SECRETARY OF HEALTH )
AND HUMAN SERVICES, )
           )
           Respondent. )
           )

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 13, 2016, Marguerite Acker ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended.  Respondent conceded petitioner's entitlement to compensation in his Rule 4(c) Report filed on May 12, 2017.  Based on Respondent's Rule 4(c) Report, that same day, the Chief Special Master found petitioner entitled to compensation.

### I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded **$100,000.00**, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Respondent further proffers that petitioner, Marguerite Acker, should be awarded funds to satisfy, in full, the State of Michigan Medicaid lien in the amount of **$182.31,** which funds represent satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Michigan may have against any individual as a result of any Medicaid payments the State of Michigan has made to or on behalf of Marguerite Acker

1

from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act. In addition, respondent proffers that petitioner, Marguerite Acker, should be awarded funds to satisfy, in full, the Molina Healthcare of MI Medicaid lien in the amount of **$3,925.46,** which funds represent satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Molina Healthcare of MI may have against any individual as a result of any Medicaid payments the Molina Healthcare of MI has made to or on behalf of Marguerite Acker from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury, under Title XIX of the Social Security Act.

## II.     Form of the Award

The parties recommend that the compensation provided to Marguerite Acker should be made through three lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following:[1]

(1) A lump sum payment of $100,000.00 in the form of a check payable to petitioner, Marguerite Acker. This amount accounts for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner would be entitled; and

(2) A lump sum payment of $182.31, representing compensation for satisfaction of the State of Michigan Medicaid lien, payable jointly to petitioner and to:

Michigan Department of Health and Human Services
P. O. Box 30435
Lansing, MI  48909-7979
Attn:  3rd Party Liability Division
Member:  Marguerite Acker
Medicaid ID#: 0021504523

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

Petitioner agrees to endorse this payment to the Michigan Department of Health and Human Services; and

(3) A lump sum payment of $3,925.46, representing compensation for satisfaction of the Molina Healthcare of MI Medicaid lien, payable jointly to petitioner and to:

Equian, LLC
P. O. Box 771932
Detroit, MI 48277-1932
Member: Marguerite Acker
Equian File No.: 822569-113017

Petitioner agrees to endorse this payment to Equian, LLC.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

  s/Althea Walker Davis
ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 616-0515

DATED:  11 April 2018